UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 98-4106

THURMAN J. WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-356)

Submitted: September 29, 1998

Decided: November 16, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph Stuart Lazarsky, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, M. Evan Corcoran, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thurman J. Williams was convicted by a jury for assaulting a correctional officer with a dangerous weapon in violation of D.C. Code Ann. § 22-505(b) (1998). He was subsequently sentenced to 100 months' imprisonment. On appeal, Williams contends that the trial court abused its discretion in limiting the cross-examination of one of the Government's key witnesses with respect to a prior incident at which time the witness made a false report. Finding no abuse of discretion, we affirm Williams's conviction and sentence.

The evidence at trial disclosed that on the evening of August 27, 1996, Correctional Officer Aladegoke Akinsola was working in the dining hall of the correctional facility in which Williams was an inmate. Akinsola was responsible for collecting meal tickets from the inmates before they received their food trays. When Williams reached the front of the line, Akinsola asked for Williams's ticket. Williams failed to produce one and subsequently did not produce identification upon Akinsola's demand, but instead began cursing at Akinsola. When Akinsola informed him that he would need to see a supervisory officer if he did not have a meal ticket, Williams continued to curse, and after displacing food trays, walked away. At this point, Akinsola confronted Williams and once again demanded identification. Williams, in response, turned around and struck Akinsola above the eye with the edge of a heavy plastic tray, knocking Akinsola to the ground.

Both Officers Sergeant Lawrence West, Jr., and Officer James Reaves witnessed the assault. West, approximately eight yards away at the time, testified that he noticed Akinsola follow Williams, with whom West had previous daily interaction. He then observed Williams turn around and strike Akinsola in the face with the tray. As he rushed to assist, he saw Williams punch Akinsola several times. Reaves, standing approximately ten feet away, also observed Williams striking Akinsola with the tray.

During trial, defense counsel sought to cross-examine West about an incident in 1991 in which West was found to have given mislead-

ing or inaccurate information in a written report because he failed to disclose that he witnessed another correctional officer's aggressive contact with an inmate. Before deciding the extent of permissible cross-examination, the court conducted a voir dire of West outside the presence of the jury. During that time, West informed the court that he had been suspended for five days for failing to report that he had witnessed the confrontation. He maintained, however, that he did not in fact witness the incident, and that the matter was under appeal. Although the court recognized that the matter could be probative of truthfulness, it expressed concern that there would be a trial within a trial of an incident that was far from the periphery of the present case. Accordingly, the court permitted defense counsel to ask West about the suspension he received for providing misleading information pertaining to an altercation between a correctional officer and inmate. The court instructed defense counsel, however, not to elicit further details concerning the incident. After hearing all the evidence presented, the jury found Williams guilty of the assault and Williams was convicted in accordance with the jury's verdict.

Williams maintains that the trial court erred in limiting defense counsel's cross-examination of West. Cross-examination is generally limited to the subject matter inquired into on direct examination and matters affecting the witness's credibility. Fed. R. Evid. 611(b). When a witness's credibility is in issue, specific instances of the witness's conduct may be inquired into on cross-examination only if probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b). "[T]rial judges retain wide latitude [under] the Confrontation Clause . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

The restrictions imposed by the district court on Williams's cross-examination of West fall within this wide latitude to impose reasonable limits. The court allowed defense counsel to elicit from West during cross-examination that he received a five-day suspension from work for providing misleading and inaccurate information relating to an incident between a correctional officer and an inmate. This information was sufficient to relate to the jury the material aspects of the prior incident as it pertained to the credibility of West. The court's

3

reasoning in not allowing defense counsel to explore details of the prior incident is sound and certainly within the scope of its discretion. Accordingly, we find no reversible error.

We therefore affirm Williams's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4